# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:09cv1

| | | |
|---|---|---|
| **KENNETH HENDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM AND** |
| **Vs.** | ) | **RECOMMENDATION** |
| | ) | |
| **WELLS FARGO BANK, NATIONAL** | ) | |
| **ASSOCIATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon defendant's Motion for Judgment on the Pleadings (#8) and plaintiff's Motion to Amend (#10). Having carefully considered those motions and the Complaint and Answer in this matter, the undersigned will respectfully recommend to the district court that defendant's Motion for Judgment on the Pleadings (#8) be granted and that plaintiff's Motion to Amend (#10) be denied for the reasons that follow.

## FINDINGS AND CONCLUSIONS

### I.   Background

In this action, plaintiff contends that by twice attempting to foreclose mortgages it held on plaintiff's five rental properties in Charlotte, defendant violated

1

the statutory protections found in the North Carolina Debt Collection Act (Complaint, Count I), committed the common law tort of Negligence (id., Count II), defamed plaintiff through the common law tort of libel (id., Count III),and violated the statutory protections provided in the federal Fair Debt Collection Practices Act (id., Count IV). See Docket Entry #1-3.

After the pleadings closed, see Docket Entry #7 "Answer," defendant moved for entry of judgment on the pleadings. Docket Entry #8. Although seeking entry of *judgment* under Rule 12(c), c.f. Fed.R.Civ.P. 54(b), defendant specifically moves for dismissal of Counts I-III only "to the extent those claims are based on allegations that Wells Fargo supplied false information about Henderson to consumer reporting agencies." Docket Entry #8, at 1. Defendant also seeks dismissal of Count IV in its entirety because "Wells Fargo does not qualify as a 'debt collector' under the FDCPA...." Id. The court will, therefore, consider defendant's motion under the 12(c) standard, which incorporates the Rule 12(b)(6) standard.

## II.    Applicable Standards

### A.    Rule 12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In resolving a motion for judgment on the pleadings, the court

must accept all of the nonmovant's factual averments as true and draw all reasonable inferences in its favor. <u>Bradley v. Ramsey</u>, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); <u>Atwater v. Nortel Networks, Inc.</u>, 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. <u>Bradley</u>, 329 F. Supp. 2d at 622. The standard is similar to that used in ruling on Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." <u>Continental Cleaning Serv. v. United Parcel Serv., Inc.</u>, 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted).[1]

In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. <u>Bradley</u>, 329 F. Supp. 2d, at 622 (noting that the Court should consider documents attached to the pleadings); <u>Hebert Abstract Co. v. Touchstone Prop., Ltd.</u>, 914 F.2d 74, 76 (5th Cir. 1990) (holding that the court should consider pleadings and judicially noticed facts). In deciding a Rule 12(c) motion, a court applies the same standard it would use to decide a Rule 12(b)(6) motion. <u>Lewis v. Microsoft Corp.</u>, 410 F. Supp. 2d 432, 435

---

[1]     Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

(M.D.N.C. 2006).

## B. Rule 12(b)(6)

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41 (1957). As the Court discussed in <u>Neitzke</u>:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

<u>Id.</u>, at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiff's complaint could support the asserted claim for relief. <u>Taubman Realty Group LLP v. Mineta</u>, 320 F. 3d 475, 479 (4th Cir. 2003); <u>Migdal v. Rowe Price-Fleming Intl Inc.</u>, 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in <u>Conley</u>, <u>supra</u>, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate

pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiff in the Complaint and will view them in a light most favorable to plaintiff.

## III.  Plaintiff's Motion to Amend

In initial response to defendant's Motion for Judgment on the Pleadings, plaintiff has moved to amend his Complaint.  Docket Entry #10.  Plaintiff has supported such motion with his Brief in Support.[2]  In his three page brief, plaintiff discusses the standard of review, the fact that there are a number of cases which recognize that leave should be granted to amend a defective pleading, and cases that address how courts have abused their discretion by denying motions to amend. [3]

Despite properly arguing the standard of review, plaintiff provides little discussion as to the reasons why his Complaint is defective, how the proposed Amended Complaint would cure those deficiencies, and why his proposed amendments are not "futile."  Plaintiff's substantive argument is set forth in its totality as follows:

> The proposed Amended Complaint seeks to clarify issues, facts and causes of action attacked by Defendant in its Motion for Judgment on the Pleadings.
>
> * * *
>
> The proposed Amended Complaint is not futile and sets forth an allowable claim for punitive damages based on malice by Defendant Wells Fargo while providing greater detail of the facts alleged in the

---

[2]    This brief was incorrectly docketed in ECF as a "Motion to Amend." (#12)  The Clerk will be instructed to amend such entry to reflect that it is a memorandum in support of a motion to amend (#10).

[3]    The cases discussing why denial was improper all appear to be distinguishable from the facts in this case.

original Complaint. Because the actions asserted are sustainable, and Defendant cannot show that the proposed Amended Complaint was submitted in bad faith or will cause undue prejudice to the Defendant, the Motion to Amend is due to be granted.

Plaintiff's Brief in Support, at 1-3. Plaintiff does not, however, explain what "issues, facts, and causes of action" the proposed Amended Complaint would clarify, id. , or how the claims reasserted in the proposed Amended Complaint are "sustainable." While the undersigned turned to plaintiff's Response to the Motion for Judgment on the Pleadings for some clarity, none was found inasmuch as plaintiff mistakenly argues in that response allegations of fact found in the proposed Amended Complaint that are not yet before the court.[4] While plaintiff had a second opportunity to provide substantive argument on his Motion to Amend,  plaintiff did not Reply to the well reasoned arguments in opposition contained defendant's Response to the Motion to

---

[4]     Plaintiff is advised that if his Motion to Amend were allowed, the Motion for Judgment on the pleadings would have been moot, and defendant would then be required to file either an answer or other response to the Amended Complaint, which could include a new Motion for Judgment on the Pleadings based on the allegations in that amended pleading.  Taylor v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995) ("Defendants' motion to dismiss is addressed solely to the original complaint ···· Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ··· became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same).

Amend.[5]

Despite such problems with the plaintiff's brief, the undersigned has closely reviewed the proposed Amended Complaint alongside the Complaint in an effort to determine whether such proposed amendment would be in compliance with Rule 15, paying particular attention to whether such amendment would or would not be futile.

Rule 15 provides that

> a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2). Despite the liberal allowance provided by the Rule, amendment of a pleading is typically denied based on a "showing of prejudice, bad faith, futility, or dilatoriness associated with the motion." <u>Sandcrest Outpatient Servs., PA, v. Cumberland County Hosp. Sys., Inc.</u>, 853 F.2d 1139, 1148 (4th Cir.1988).

In this case, defendant has argued that amendment would be futile,[6] and the

---

[5] While a reply is not required, and the court does not take the lack of a reply as a concession, a moving party is obligated to provide the court with notice that such party does not intend to file a Reply. <u>See</u> L.Cv.R. 7.1(E).

[6] Defendant also argues that the Motion to Amend should be denied because it is an attempt to circumvent the dispositive motion. While defendant has properly argued that courts disfavor Motions to Amend that are interposed solely to circumvent a dispositive motion, <u>Googerdy v. North Carolina Agricultural & Tech. State Univ.</u>, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005), the undersigned believes that "circumvention" need not be reached in the typical case inasmuch as review for prejudice, bad faith, futility, or dilatoriness separates the wheat from the chaff.

undersigned agrees.  Defendant's Response, Docket Entry #14, at 3. While plaintiff

provides no discussion in his brief as to what is added or deleted by the proposed

Amended Complaint, it would appear that the following amendments are proposed:

(1) new allegations are made in paragraphs 23, 24, 25, 26, 34, 35, and 36 of the proposed Amended Complaint;

(2) some amended language is contained in paragraphs 20, 21, and 47;

(3) there is a new demand for punitive damages appended to plaintiff's prayer for relief; and

(4) two paragraphs from the  original Complaint have been excised, including paragraph 18, which alleged that

[a]fter Wells Fargo's erroneous reports of numerous foreclosures, Mr. Henderson's credit was irreparably damaged,

and paragraph 19, which alleged that

[b]ecause of the damage to Mr. Henderson's credit, Mr. Henderson has been denied requests for credit and loans.

Complaint; c.f. Proposed Amended Complaint.

Plaintiff's proposed demand for "punitive damages" has no impact on the

court's recommendation in this case.  As a matter of state law, "punitive damages"

is not a cause of action, but is instead a remedy available in very limited

circumstances.

As a general rule, "[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it.  If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all."  J. Stein, Damages and Recovery § 195 at 389 (1972).  North Carolina follows this general rule

of law.

<u>Hawkins v. Hawkins</u>, 101 N.C.App. 529, 532 (1991).  In North Carolina,

> punitive damages may be awarded only if a claimant proves that the
> defendant is liable for compensatory damages and that the defendant is
> guilty of fraud, malice, or willful or wonton conduct.

<u>Combs & Associates, Inc. v. Kennedy</u>, 147 N.C.App. 362, 374 (2001) (citation

omitted).  Further, it appears that

> Punitive damages may be awarded against a person only if that person
> participated in the conduct constituting the aggravating factor giving
> rise to the punitive damages, or if, in the case of a corporation, the
> officers, directors, and managers of the corporation participated in or
> condoned the conduct constituting the aggravating factor giving rise to
> punitive damages.

<u>Phillips v. Restaurant Management of Carolina, L.P.</u>, 146 N.C.App. 203, 215- 16

(2001) (citation omitted).  In North Carolina, the aggravating factors that will justify

imposition of punitive damages are set forth by statute: "(1) fraud, (2) malice, or (3)

willful or wanton conduct." N.C. Gen.Stat. § 1D-15(a).  Put another way, punitive

damages is the end game and is only relevant if plaintiff properly alleges conduct that

would justify its allowance.

Paragraphs 23 through 26 of the proposed Amended Complaint allege the

occurrence of certain foreclosures in 2006. Paragraph 34 concludes that the

foreclosures were instituted maliciously by Wells Fargo. While alleging that the

foreclosures were instituted maliciously, there are no allegations that the credit reporting was done maliciously. These proposed amendments are futile because they would not change the analysis, *infra*, of whether the Fair Credit Reporting Act preempts any allegations or claims stemming from credit-reporting. Further, such proposed amendments are futile because they do not show that defendant qualifies as a "debt collector" under the FDCPA. Put another way, even if the court were to allow these amendments, the result would be the same inasmuch as defendant would still be entitled to the relief it seeks on the pleadings.

As to paragraphs 35 and 36 of the proposed Amended Complaint, these paragraphs allege that defendant made repeated erroneous and false reports to various credit reporting agencies and made the reports with malice. These new allegations appear directed at plaintiff's claims under the North Carolina Debt Collection Action (hereinafter the "NCDCA") in Count I. As discussed below, this district has held that 15, United States Code, Section 1681t(b)(1)(F) prevents anyone from asserting a claim under any state statute in an effort to hold someone else liable for furnishing allegedly incorrect information to a consumer reporting agency. Joiner v. Revco Discount Drug Centers, Inc., 467 F. Supp. 2d 508, 513 (W.D.N.C. 2006). The presence or absence of an allegation of malice is irrelevant in determining whether a claim is preempted by § 1681t(b)(1)(F), as no exception exists under

statutory preemption for even malicious acts of creditors, as discussed more thoroughly *infra*. Put another way, an allegation of malice will not shield a state statutory claim from preemption under Section 1681t(b)(1)(F).

Further, review of plaintiff's proposed conclusory allegations of malice would also have no impact on defendant's motion concerning plaintiff's common-law claims, to which a malice exception exists. As discussed *supra*, in resolving a motion for judgment on the pleadings, the court must accept all of the nonmovant's factual averments as true and draw all reasonable inferences in its favor. Bradley, supra. The court is not, however, obliged to accept the legal conclusions of the nonmovant, and an allegation that someone acted *with malice* without some supporting allegations of fact is a legal conclusion. Indeed, plaintiff's factual allegations are antithetical to a claim that defendant acted with malice inasmuch as plaintiff alleges both in his Complaint and his proposed Amended Complaint that once defendant was informed of its error, it ended the foreclosure proceedings and corresponded with credit reporting agencies to withdraw any negative reports it had made. See Complaint, at ¶ 17; c.f. proposed Amended Complaint, at ¶ 17. In Joiner, the district court specifically held that a defendant's withdrawal of erroneous information furnished to a consumer reporting agency negates an allegation that the information was furnished maliciously. Id., at 513-15. For plaintiff to assert common law claims in his proposed

Amended Complaint that would survive preemption under Section 1681h(e), plaintiff must allege facts from which a reasonable fact finder could find malice; conclusory legal conclusions of malice are not factual allegations, and plaintiff's only relevant factual allegations as a matter of law show there was no malice.

The court has also considered whether the new allegations concerning credit-reporting could save plaintiff Fair Debt Collection Practices Act (hereinafter the "FDCPA") claim found in Count IV. Reading the new allegations of the proposed Amended Complaint in a light most favorable to plaintiff, it does not appear that under even a liberal reading of the proposed amendments could one find that defendant qualified as a "debt collector" under the FDCPA. Instead, it would appear from a fair reading of the proposed Amended Complaint that defendant was at all times acting as it was alleged to have acted in the original Complaint as a lender or creditor.

Having closely considered the proposed amendment, the undersigned must recommend that the Motion to Amend be denied as futile.[7]

---

[7] While the district court has delegated to the undersigned the authority to dispose of motions to amend, 3:07mc157, the undersigned respectfully defers to the discretion of the district court in making a final disposition as to this motion inasmuch as it is inextricably tied to the dispositive motion hereinafter discussed.

**IV.    Defendant's Motion for Judgment on the Pleadings**

**A.    Introduction**

Defendant has moved for judgment on the pleadings as to certain aspects of plaintiff's first three claims, arguing that portions of Count I through Count III are preempted by the Fair Credit Reporting Act (hereinafter the "FCRA") and seeking judgment on any portions found to be preempted.  Thus, the scope of the judgment sought is limited to the extent such claims are based on defendant's credit reporting activities.

**B.    Preemption of Certain Aspects of Counts I through III**

The Fair Credit Reporting Act, 15, United States Code, Section 1681 (hereinafter "FCRA") contains two sections which preempt certain claims from being brought against those who provide consumer credit information.  Joiner, supra, at 512.  First, Section 1681h(e) of the Act prohibits the bringing of certain common law claims, including claims for defamation and negligence, based on furnishing information to a consumer reporting agency.  An exception to such "common law preemption" exists where false information is furnished with malice or willful intent to injure.  15 U.S.C. § 1681h(e).  Second, Section 1681t(b)(1)(F) preempts state statutory tort claims for violation of state law which attempts to regulate the activities of persons who furnish information to consumer reporting agencies.  Two exceptions

to such "statutory preemption" exist, but such have no application to this case. 15 U.S.C. § 1681t(b)(1)(F).

While courts have reconciled these provisions differently, the court in the Western District of North Carolina has determined that the provisions of these two preemption sections work concurrently with one another. Joiner, supra, at 513-15 & 517-19. The court noted that statutory preemption preempts not only those state statutes that mention "credit reporting," but all other state statutes invoked by a plaintiff in an attempt to redress credit reporting. Id., at 513.As to the common law preemption exception for malice, the district court stated that the local common law definition of malice should be applied and that

> actual malice for purposes of defamation cases is defined as "ill-will or personal hostility on the part of the declarant . . . or by showing that the declarant published the defamatory statement with knowledge that it was false, with reckless disregard for the truth or with a high degree of awareness of its probable falsity."

Id., at 514 (citations omitted). The court went on to hold that preemption applied even in the face of allegations of malice where defendants were shown to take affirmative steps to correct disputed communications concerning the plaintiff. Id.

**C.  Common Law Preemption**

Applying common law preemption to this Complaint, it is readily apparent that Count II for negligence and Count III for libel are preempted insofar as such claims

are based on defendant's alleged credit reporting activities. In his negligence claim, plaintiff alleges in part that defendant "irreparably damaged Plaintiff's credit history." Complaint, at ¶ 42. In the libel claim, plaintiff alleges that defendant "made repeated statements and reports to credit reporting agencies" and that "[a]s a result of said libelous statements, Plaintiff has been repeatedly denied credit approval." Id., at ¶¶ 44 &47.

The exception for malice does not apply inasmuch as plaintiff has failed to make any factual allegations that would support a finding of malice as defined by North Carolina law. Joines, supra. Further, plaintiff's factual allegations are antithetical to a showing of malice inasmuch as plaintiff alleges that defendant took steps to correct credit reports it had made once the error was discovered. The undersigned's discussion in the context of the Motion to Amend, supra, is incorporated at this point by reference.

Having read both the Complaint and the Answer, the undersigned is compelled to recommend to the district court that judgment be granted in favor of defendant and against plaintiff as to Count II for negligence and Count III for libel, but only to the extent that such claims are based on defendant's alleged credit reporting activities.

### B.    Statutory Preemption

Applying statutory preemption to the Complaint, it would appear that Count

I, which is brought under the NCDCA, is preempted by federal law insofar as it is based on defendant's credit reporting activities.

In paragraph 35(a) and (d) of his Complaint, plaintiff alleges that defendant violated the NCDCA by, among other things, "making false accusations to credit reporting agencies that Plaintiff has not paid his mortgage" and "erroneously communicating the foreclosure status of Plaintiff's property to numerous credit reporting agencies." Complaint, at ¶ 35(a) & (d). Insofar as such claim is based on communications to credit reporting agencies, the claim is preempted under "statutory preemption," to which no exceptions apply in this particular case.

Having read both the Complaint and the Answer, the undersigned is compelled to recommend to the district court that judgment be granted in favor of defendant and against plaintiff as to Count I, but only to the extent that such claim is based on defendant's alleged credit reporting activities.

## C. Failure to State a Cause of Action

While defendant has moved under Rule 12(c) for judgment on the pleadings as to Count IV, the undersigned finds that this motion is better understood under Rule 12(b)(6), inasmuch as defendant is asserting that plaintiff cannot state a cause of action against it inasmuch as it is a "creditor" and not a debt collector.

In determining whether plaintiff can state a cause of action against defendant

under the Fair Debt Collection Practices Act, 15, United States Code, Section 1681 (hereinafter the "FDCPA"), the court has reviewed the elements of an FDCPA claim. The elements of a FDCPA claim are as follows:

(1)  plaintiff has been the object of collection activity arising from consumer debt;

(2)  the defendant qualifies as a debt collector under the FDCPA; and

(3)  the defendant has engaged in an act or omission prohibited by the FDCPA.

Dikun v. Streich, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005).

First, from the face of the Complaint, it appears that the debt at issue is not a "consumer debt," but consists of mortgage loans secured for commercial purposes, making plaintiff's FDCPA claim unviable. Plaintiff alleges in the Complaint that he "has mortgages with Wells Fargo Home Mortgage secured by six houses" and that he "owns these residential homes as rental properties." Complaint, at ¶¶ 3 &4. In the definitions section of the FDCPA, "consumer debt" is not defined, but both "consumer" and "debt" are defined:

(3)  The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

\* \* \*

(5)  The term "debt" means any obligation or alleged **obligation of a consumer** to pay money arising out of a transaction in which the

> money, property, insurance, or services which are the subject of the transaction are **primarily for personal, family, or household purposes**, whether or not such obligation has been reduced to judgment.

15 U.S.C. 1692(a)(3)&(5). In order to make sufficient allegations that could survive a Rule 12(b)(6) motion as to the first element under Section 1681, plaintiff must "allege the existence of a consumer debt or transaction within the meaning of [the FDCPA] . . . ." Kafele v. Frank & Wooldridge Co., 108 Fed.Appx. 307, 308, 2004 WL 1859348, 1 (6th Cir. 2004). While it may be arguable under the FDCPA that a mortgage loan secured for the borrower's personal residence could fall under the Act, it appears that it is not arguable that a mortgage loan used to purchase rental property is consumer debt. In Acciard v. Whitney, 2008 WL 5120898, at 9 (M.D.Fla. 2008),[8] the district court held under Florida debt collection law, which mirrors in relevant part the FDCPA, that

> Plaintiffs clearly allege that the mortgages are on properties that are being held for investment purposes. Therefore, Plaintiffs cannot assert a claim for a violation of the FCCPA . . . .

Id. Similarly, it is clear from the Complaint in this case that the five mortgage loans at issue were obtained for a commercial purposes and could not be considered

---

[8] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

"consumer debt" as a matter of law as they were not secured "primarily for personal, family, or household purposes...." 15 U.S.C. 1692(a)(5). Thus, plaintiff fails to state a cause of action under the FDCPA inasmuch as he has failed to sufficiently allege that the debt being serviced was consumer debt.

Second, and in the alternative, defendant has not made sufficient allegations to satisfy the pleading requirements as to the second element of a claim under the FDCPA. In relevant part, plaintiff alleges in his Complaint that he "has mortgages with Wells Fargo Home Mortgage" and that "Wells Fargo sought to foreclose...." Complaint, at ¶¶ 3& 9. Taking such allegations as true, and there appearing to be no other relevant allegations or even proposed to be made, plaintiff has failed to include allegations that could be read to meet the definition of a "debt collector," a term which"does not include... any officer or employee of a creditor while, in the name of the creditor, [is] collecting debts for such creditor." 15 U.S.C. 1692a(6)(A). Thus, plaintiff fails to state a cause of action under the FDCPA inasmuch as he has failed to make allegations that could satisfy the second element.

The undersigned must, therefore, recommend that Count IV be dismissed *in toto* under Rule 12(b)(6) inasmuch as plaintiff has not made sufficient allegations to satisfy either the first or second elements of a claim under the FDCPA.

# RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that:

(1)     plaintiff's Motion to Amend (#10) be **DENIED;**

(2)     defendant's Motion for Judgment on the Pleadings (#8)  be **ALLOWED,** and

> (a)     Counts I through III be **DISMISSED WITH PREJUDICE** only to the extent such counts are based on defendant's credit reporting activity, but that Counts I through III be allowed to proceed on any other basis asserted in the Complaint, that a judgment on the pleadings be granted to such effect under Rule 12(c), and that an appropriate judgment be entered in accordance with Rule 54(b) at the conclusion of this action;

> (b)     Count IV be **DISMISSED WITH PREJUDICE** in its entirety in accordance with Rule 12(b)(6) for failure to state a cause of action; and

(3)     that the parties be instructed to conduct an IAC within 14 days of final disposition by the district court of these motions and to submit to the court the CIAC and proposed Pretrial Order within five days of such conference.

The Clerk of this court is respectfully instructed to amend docket entry #12 to reflect that such pleading is a memorandum in support of plaintiff's Motion to Amend and not a motion.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten (10)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: April 14, 2009

Dennis L. Howell
United States Magistrate Judge